```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                    CRIMINAL NO. 2:14-CR-15
                                                      (KLEEH)

**CHARLES EDGAR WARE,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 63]

Pending before the Court is a _pro se_ motion for compassionate release filed by Defendant Charles Edgar Ware ("Ware") [ECF No. 63]. For the reasons discussed herein, the Court **DENIES** the motion.

### I.  BACKGROUND AND PROCEDURAL HISTORY

On May 19, 2014, Ware pleaded guilty to Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). On August 27, 2014, the Court sentenced Ware to 180 months of incarceration and 10 years of supervised release. Ware filed a _pro se_ motion for compassionate release on July 31, 2020. The Government filed a response in opposition on February 16, 2023. Ware is currently incarcerated at FMC Devens, with a projected release date of December 9, 2026.[1]

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 63]**

## II.   ARGUMENTS BY THE PARTIES

Ware asks for compassionate release due to risks associated with COVID-19. He states that he is 70 years old and suffers from hypertension and "deteriorating heart and kidney function leading to failure." He suffers from growths on his lungs, deterioration of the spine leading to immobility, and a compromised immune system. Ware cites concerns with contracting COVID-19 in the prison setting. He also writes that multiple courts have waived the exhaustion requirement. Ware writes that he has been a "model inmate" and has "gone to great length to better himself" by completing drug treatment and other classes. He writes that he has a place to live upon release, has the support of family and friends, and has a low risk of recidivism.

The Government opposes the motion, asserting that Ware has failed to exhaust his administrative remedies, Ware does not present extraordinary and compelling reasons supporting relief, and the 18 U.S.C. § 3553(a) factors do not weigh in favor of his release.

## III.  DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id. Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 63]**

error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).

Here, Ware asserts that he made a request for compassionate release with the Warden, and it was denied. He has not, however, provided any evidence or proof that he submitted such a request. Counsel for the Government has conferred with the Bureau of Prisons, and no such record exists. As such, Ware has failed to exhaust his administrative remedies before filing a motion with this Court.

### IV.  CONCLUSION

For the reasons discussed above, Ware's motion for compassionate release is **DENIED WITHOUT PREJUDICE** [ECF No. 63].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to Ware via certified mail, return receipt requested.

DATED: April 14, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA